UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CALVARY ALBUQUERQUE, INC, *et al*.

        Plaintiffs,

v.

ANTONY BLINKEN, U.S. Secretary of State, *et al*.

        Defendants.

Case No.: 1:23-CV-486-KWR-KK

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR AN EXTENSION**

"[Plaintiffs'] inability to engage in sincerely held religious exercises is great irreparable harm." *O Centro Espirita Beneficiente Uniao do Vegetal v. Duke*, 286 F.Supp.3d 1239, 1265 (D. N.M. 2017). It is well established in this Circuit that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Hobby Lobby Stores, Inc., v. Sebelius*, 723 F.3d 1114, 1146 (10th Cir. 2013). The substantive motion that is before the Court is one for a temporary restraining order and/or preliminary injunction, a motion which by its very nature is an emergency matter. Plaintiffs strenuously oppose a 60-day extension. While Plaintiffs would not be opposed to a short extension of a day or two as a professional courtesy to Mr. Minegar so that the deadline of this motion would not fall the day after a federal holiday (Juneteenth), or, if the Court sets an evidentiary hearing, an extension until just shortly before the hearing, a request for a 60-day extension is unreasonable in the face of the irreparable harm which is continuing to occur in this case.

Defendants raise three points in their motion: 1) the response will require a substantial amount of work; 2) that Mr. Minegar is busy with eight pleadings or depositions in the next two

1

months; and 3) that Plaintiffs took several months to file suit. Plaintiffs will address all points in turn.

      Defendants claim that this motion involves complex legal issues and multiple government departments that require coordination. While Plaintiffs maintain that the legal issues are not very complex (Defendants disregarded their own rules and are interfering in a relationship which had already been approved by the Department of Homeland Security), if the issues are indeed complex, then Defendants should properly staff this case. Assigning one busy Assistant U.S. Attorney to a complex case either shows a disregard for the seriousness of the constitutional rights violations, or is a delay tactic to wear the Plaintiffs down. The Department of Justice prides itself as the world's largest law office with 9,200 attorneys[1]. The Office of Immigration Litigation (district court section) has 70 attorneys[2]. The U.S. Attorney's office for the District of New Mexico has 195 employees, approximately 80 of them attorneys[3]. In this case, we have a local church fighting against the might of the United States government with the largest law office in the world in order to continue its relationship with its minister that was previously approved by the same U.S. government. The United States government has plenty of resources to properly staff this case if it indeed deems the issues at hand as very complex. They still can easily comply with the Court's order.

      Plaintiffs respect the fact that Mr. Minegar is busy. Few colleagues in our profession are not busy. While counsel's preexisting obligations could normally be taken into account in run-of-the-mill civil litigation where reparations could solve any continued harm caused by extensions

---

[1] https://www.justice.gov/agencies/chart#:~:text=The%20Department%20of%20Justice%20is,employing%20more%20than%209%2C200%20attorneys.
[2] https://www.justice.gov/civil/district-court-section#:~:text=OIL%2DDCS%20currently%20employs%20over,of%20matters%20within%20the%20section.
[3] https://www.justice.gov/usao-nm/employment-opportunities

and delays, here we are dealing with irreparable harm. Every day that Mr. Green is kept by Defendants outside of the United States and not serving Calvary's congregation, though his position and status was approved by the Department of Homeland Security, is a violation of constitutional rights and *irreparable* harm. Plaintiffs are certain the Court is aware of how busy most attorneys are; these motions for extension are not uncommon in litigation. However, it is evident from the Court's order to Defendants to file a response in 14 days that the Court is taking the urgency of the matter seriously and that it has taken into account workloads and other various factors. Plaintiffs urge the court to keep the current schedule or with slight modifications as outlined in more detail below.

Defendants claim that Plaintiffs delayed by 6-7 months in filing this litigation. This is incorrect. While the first visa denial occurred in November 2022, the last interview and visa denial occurred in January. Furthermore, Plaintiffs sought to resolve the issue directly with the agency by going to the Visa Office as is the proper protocol to exhaust all available remedies to them. Since the issues are fairly simple (the consulate violated its own rules), Plaintiffs were hopeful Defendants would easily correct their erroneous decision and allow Mr. Green to return to his ministerial duties at Calvary. Plaintiffs also involved congressional assistance in pleading with the agency. Only after all these efforts were exhausted and Defendants remained recalcitrant in their position did Plaintiffs file suit. The point at which Plaintiffs' efforts in dealing directly with the agency were fully exhausted was shortly before suit was filed.

While the substantive motion involves allegations of irreparable harm in the form of constitutional rights violations and the matter is very urgent, as stated before, as a professional courtesy, Plaintiffs would not oppose a short extension of a day or two so the deadline does not fall on the day after a federal holiday. Alternatively, if the Court sets an evidentiary hearing for

3

shortly after June 20th, Plaintiffs would similarly not be opposed to extending the Defendants deadline to 2-3 days before the hearing takes place. Indeed, this is the practice in this judicial district. For example, in the most closely resembling case in this district which dealt with very similar issues (RFRA and Immigration), *O Centro Espirita Beneficiente Uniao do Vegetal v. Duke*, 286 F.Supp.3d 1239 (D. N.M. 2017), the timeline on the case was as follows:

- 11/14/2017 – Motion for TRO/Preliminary Injunction filed
- 11/20/2017 – Updated motion for TRO/Preliminary Injunction filed
- 11/29/2017 – Hearing set for 12/1/2017
- 11/30/2017 – Defendants' opposition to motion for TRO/Preliminary Injunction filed
- 12/07/2017 – Plaintiffs' reply filed
- 12/15/2017 – Order granting preliminary injunction issued

The entire case was resolved in the span of a month.

Plaintiffs respectfully ask the Court to deny Defendants' motion for extension, or to grant it only in part in accordance with Plaintiffs' position above. Plaintiffs further respectfully ask the Court to set a hearing in this matter for the soonest available date that the Court deems reasonable and adjust briefing deadlines around the hearing. Plaintiffs for their part will do their utmost to file a reply as soon as possible in order to speed up the timeline and allow the Court to make a reasoned and informed decision.

Dated this 14th day of June, 2023

/s/ Olsi Vrapi.

Olsi Vrapi
Attorney for Plaintiffs – Lead Counsel
Vrapi Weeks, P.A.
5931 Jefferson St.. NE, Suite A
Albuquerque, NM 87109
Phone: (505) 352-6660
Fax: (505) 872-6120
olsi@vrapiweeks.com