United States District Court
DISTRICT OF NEW MEXICO

CALVARY ALBUQUERQUE
INC., *et al.*,

    *Plaintiffs*,

    *v.*

ANTHONY BLINKEN, *U.S. Secretary of State, et al.*,

    *Defendants*.

No. 1:23-cv-00486-KWR-KK

**REPLY SUPPORTING DEFENDANTS'
MOTION FOR AN EXTENSION**

Plaintiffs' opposition to the government's extension motion lacks merit.

**A.** Plaintiffs "strenuously oppose a 60-day extension." ECF 8 at 1. But the government does not ask for a 60-day extension. It asks for an extension until August 7 — 48 days after the current June 20 deadline. *See* ECF 7 at 1.

**B.** Plaintiffs also say they did not delay in filing this "emergency" litigation. ECF 8 at 3. Yet they do not dispute that the "last interview occurred in January [2023]," *id.*, or that they received a written State Department response on April 13, 2023, *see* ECF 1-2 — 53 days before they filed their emergency motion, and five days more than the government's current 48-day extension request. If plaintiffs believe that delaying, at minimum, 53 days to seek "emergency relief" is reasonable, then granting the opposing party less time (48 days) to respond is reasonable as well, despite plaintiffs' contrary assertions. *See* ECF 8 at 1 (calling the government's request "unreasonable").

Without citing any law or attaching any evidence to their opposition, plaintiffs attempt to explain away their delay with vague, unsupported statements

— 1 —

that they followed the "proper protocol" and somehow found time to seek "congressional assistance" before filing for emergency relief. ECF 8 at 3.

But the bottom line remains: Plaintiffs' own allegations demonstrate that they delayed significantly in filing this lawsuit and demanding a TRO. That delay remains unsubstantiated, and plaintiffs' bare allegations of an "emergency" thus remain overstated. "Parties spurred on by the threat of or actual immediate irreparable harm … file for TROs as quickly as possible to head or stave it off" — they do not delay as plaintiffs did here. *Miller v. Lipinski*, 2020 WL 5096018, at *1 (D. Colo. 2020) (citation omitted). Again, "delay in seeking a temporary restraining order is held as an indication that there is no immediate threat." Wright & Miller, Fed. Prac. & Proc. § 2951 (2023).

**C.** Plaintiffs also assert "*irreparable* harm" to their RFRA rights as grounds to deny the government's extension request. *Id.* at 1, 3 (their emphasis). For support, they cite *O Centro Espirita Beneficiente Uniao Do Vegetal v. Duke*, 286 F. Supp. 3d 1239 (D.N.M. 2017), which plaintiffs' lawyers litigated.

But plaintiffs' own description of *O Centro* — a nonbinding district court decision — demonstrates that it does not support denying the government's extension motion. *E.g.*, *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent").

In plaintiffs' own words: *O Centro* involved a "direct conflict between a facially valid regulation (compelling churches to compensate ministers in order to be granted R-1 status) and the church's sincerely held belief that ministers

must *not* be compensated." ECF 2 at 15 (their emphasis). Here, plaintiffs say, *O Centro* is persuasive authority because the government "is telling [plaintiffs] that they cannot exercise their sincerely held belief of compensating ministers," the reverse of *O Centro*. *Id.*

But that is incorrect. Mr. Green's visa applications were denied, not because of plaintiffs' "sincerely held belief of compensating ministers," *id.*, but because Mr. Green made a "material misrepresentation to an immigration officer about the purpose of his travel to the United States," violating INA § 212(a)(6)(C)(i). ECF 1-2 at 1. What's more, there were "no allegations of fraud" in *O Centro* like there are here, and *O Centro* specifically stated that "preventing immigration fraud," when particularized, "is likely a compelling state interest" under RFRA. 286 F. Supp. 3d at 1265. So plaintiffs' claims of irreparable harm to their RFRA rights are not grounds to deny an extension.

**D.** Last, plaintiffs criticize the government's staffing decisions, claiming that they either "disregard … the seriousness of the [RFRA] rights violations" or constitute a "delay tactic to wear the Plaintiffs down," a serious accusation lacking any supporting evidence. ECF 8 at 2.

The Court should reject these baseless assertions. Indeed, the undersigned AUSA is required to work with multiple government components to respond to this lawsuit precisely because the government takes this case seriously and wishes to respond thoroughly and uniformly for the Court's benefit. The

undersigned filed this extension motion in good faith as well precisely because the government needs more time to do exactly that.

Last, to briefly address plaintiffs' other criticisms: This U.S. Attorney's Office and the undersigned AUSA are handling this case. Litigants do not get to dictate who their opposing counsel is. And to briefly correct plaintiffs' statements about this Office: There are six AUSAs in the Civil Division handling defensive litigation on the United States' behalf, including the undersigned AUSA — not "80," as plaintiffs contend. ECF 8 at 2.

*   *   *

The extension motion should be granted.

| | |
|---|---|
| JUNE 15, 2023 | Respectfully submitted, |
| | ALEXANDER M.M. UBALLEZ<br>*United States Attorney* |
| | *s/ Benjamin G. Minegar*<br>BENJAMIN G. MINEGAR<br>*Assistant United States Attorney*<br>P.O. Box 607<br>Albuquerque, NM 87103<br>(505) 346-7274<br>benjamin.minegar@usdoj.gov |

**CERTIFICATE OF SERVICE**

I certify that, on June 15, 2023, I filed this document electronically through CM/ECF, causing all counsel to be served by electronic means.

*s/ Benjamin G. Minegar*
BENJAMIN G. MINEGAR